IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| YMIR-JULE VON KOENIGSBERG-TRYVALDSSEN,<br><br>Petitioner,<br><br>vs.<br><br>LEROY KIRKEGARD; ATTORNEY GENERAL OF THE STATE OF MONTANA,<br><br>Respondents. | Cause No. CV 16-38-H-DLC-JTJ<br><br>FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

This case comes before the Court on Petitioner Ymir-Jule von Koenigsberg-Tryvaldssen's application for writ of habeas corpus under 28 U.S.C. § 2254. Mr. von Koenigsberg-Tryvaldssen is a state prisoner proceeding pro se.

I.  **Procedural History**

Mr. von Koenigsberg-Tryvaldssen challenges a conviction for assault with a weapon, handed down in the First Judicial District Court, Lewis and Clark County. A jury found Mr. von Koenigsberg-Tryvaldssen was found guilty, and on December 3, 2012, the court sentenced him to 5 years with the Department of Corrections, with credit for the pre-trial incarceration time he served.

Mr. von Koenigsberg-Tryvaldssen filed a direct appeal challenging the sufficiency of the evidence. *State v. von Koenigsberg-Tyrvaldsen*, 2014 MT 165N,

1

375 Mont. 555, 346 P. 3d 1135. The Montana Supreme Court affirmed, finding that the State had met its burden in establishing that von Koenigsberg-Tryvaldssen's actions were not justified. *Von Koenigsberg-Tyrvaldsen*, ¶ 8.

Mr. von Koenigsberg-Tryvaldssen then filed a petition for a writ of habeas corpus challenging his conviction, counsel's performance, and the trial court's perceived bias. See, *Koenigsberg-Tyrvaldssen v. Kirkegard*, No. OP 15-0452, 381 Mont. 543, 357 P. 3d 336, Or. (Aug. 12, 2015). The Court held that Mr. von Koenigsberg-Tryvaldssen should have raised all of the issues on either direct appeal or in a timely postconviction petition—not in a habeas petition—and denied the petition. *Id*. at 2.

On May 9, 2016, Mr. von Koenigsberg-Tryvaldssen filed his petition with this Court,[1] advancing claims of unlawful incarceration, malicious prosecution, wrongful conviction in violation of the Montana "Self-Defense Act," ineffective assistance of counsel, Fourth and Fifth Amendment violations, and bias by the trial court. *See generally* (Docs. 1, 1-1, and 1-2).

## II. Federal Statute of Limitations

A one-year limitations period applies to petitions a state prisoner files under 28 U.S.C. § 2254. *See* 28 U.S.C. § 2244. Mr. von Koenigsberg-Tryvaldssen did file a timely notice of appeal; his conviction was affirmed on June 24, 2014. Therefore,

---

[1] The petition was actually dated May 25, 2016, see (doc. 1 at 8), but because the Court received the petition prior to that date, the petition was treated as filed on the date received.

Mr. von Koenigsberg-Tryvaldssen's judgment of conviction became final on September 22, 2014, ninety days after the Montana Supreme Court affirmed his conviction. See, *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999) (where petitioner does not file a petition for certiorari, his conviction becomes final ninety days after the state supreme court denies review.).

Mr. von Koenigsberg-Tryvaldssen filed a state habeas petition on July 29, 2015. Federal time is tolled while a state prisoner has a "properly filed application for State post conviction or other collateral review" pending in state court. 28 U.S.C. § 2244(d)(2). With the filing of his state habeas petition, von Koenigsberg-Tryvaldssen's federal time was tolled, but 310 days had passed, leaving 55 days remaining on von Koenigsberg-Tryvaldssen's federal time clock. The Montana Supreme Court issued its decision denying von Koenigsberg-Tryvaldssen habeas relief on August 12, 2015. This was also the date on which von Koenigsberg-Tryvaldssen's federal clock began to run again. *Koenigsberg-Tyrvaldssen v. Kirkegard*, No. OP 15-0452, 381 Mont. 543, 357 P. 3d 336, Or. (Aug. 12, 2015).[2] Thus to be timely, von Koenigsberg-Tryvaldssen needed to file his federal petition no later than October 6, 2015. But Mr. von Koenigsberg-Tryvaldssen's did not file his federal habeas petition until May 9, 2016, seven months after the federal filing

---

[2] Mr. von Koenigsberg-Tryvaldssen filed a second petition for a writ of habeas corpus in the Montana Supreme Court, however, that matter was filed after von Koenigsberg-Tryvaldssen's federal time had already run. See, *Koenigsberg-Tyrvaldssen v. Kirkegard,* Or. (Apr. 12, 2016), available at: https://supremecourtdocket.mt.gov (accessed October 5, 2016). Accordingly, this second state habeas petition does not affect the calculation of von Koenigsberg-Tryvaldssen's federal limitations period.

period had elapsed. Consequently, the Court gave Mr. von Koenigsberg-Tryvaldssen the opportunity to show cause why his petition should not be dismissed with prejudice as time-barred and directed him to the ways in which he could make such a showing. (Doc. 6 at 5.) The Court advised Mr. von Koenigsberg-Tryvaldssen that if he did not make an adequate showing, his petition would be recommended for dismissal with prejudice. *Id*. Mr. von Koenigsberg-Tryvaldssen timely responded. (Doc. 7).

In his response to this Court's Order to Show Cause, von Koenigsberg-Tryvaldssen explains that his state appellate counsel, Nancy Schwartz, advised him he would have a "one-year window" following a final adjudication of his sentence to file in the federal court. (Doc. 7 at 1). Mr. von Koenigsberg-Tryvaldssen then reasons that because his federal petition was filed within one year of the date on which the Montana Supreme Court denied him habeas relief, his petition is timely. *Id*. This Court construe's Mr. von Koenigsberg-Tryvaldssen's response as a contention that he is entitled to equitable tolling of the statute of limitations based upon appellate counsel's erroneous advice.

▪**Equitable Tolling**

The one year deadline of 28 U.S.C. § 2254 is subject to equitable tolling in appropriate cases. *Holland v. Florida*, 560 U.S. 631 (2010). A petitioner is entitled to equitable tolling only if he shows (1) "he has been pursuing his rights

4

diligently," and, (2) "some extraordinary circumstance stood in his way and prevented the timely filing." *Id*. at 690, (*citing Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). "The petitioner must show that 'the extraordinary circumstances were the cause of his untimeliness and that the extraordinary circumstances made it impossible to file a petition on time.'" *Porter v. Ollison*, 620 F. 3d 952, 959 (9th Cir. 2010).

In *Miranda v. Castro*, 292 F. 3d 1063 (9th Cir. 2002), the petitioner filed his § 2254 petition after the one-year statute of limitations based upon advice given to him in a letter from his appellate counsel. *Id*. at 1065-66. In the letter, counsel advised petitioner that if he wished to pursue federal habeas relief, he would need to do so "no later than one year after the conclusion of the state court's direct review of [the petitioner's] claims." *Id*. at 1066. The letter stated it was "not clear" when the federal time clock began running and then provided a filing date which turned out to be incorrect. *Id*. The Ninth Circuit observed that while the "letter obviously contained either a miscalculation- or, more probably, a typo," it mattered not. *Id*. Although the petitioner had a right to appointed counsel on direct review, that representation ended at the conclusion of direct review. *Id*. at 1067. Further, the Circuit concluded that the appellate attorney's negligent miscalculation of the filing deadline did not constitute an extraordinary circumstance that warranted equitable tolling. *Id*. at 1068.

Unlike the petitioner in *Miranda*, Mr. von Koenigsberg-Tryvaldssen has provided this Court no written documentation of the erroneous advice that Ms. Schwartz allegedly gave him. It is clear, however, that even taking Mr. von Koenigsberg-Tryvaldssen at his word that he was provided with erroneous advice, he is still not entitled to relief from the limitations period. As *Miranda* makes clear, the general negligence of counsel resulting in a miscalculation of a filing date does not constitute and extraordinary circumstance which would trigger equitable tolling. Thus there is no basis to excuse the untimely filing of Mr. von Koenigsberg-Tryvaldssen's petition. This matter should be dismissed with prejudice as untimely.

### III. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2254 Proceedings. A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Where a claim is dismissed on procedural grounds, the court must also

decide whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, __ U.S. __, 132 S. Ct. 641, 648 (2012) (quoting *Slack*, 529 U.S. at 484).

Mr. von Koenigsberg-Tryvaldssen has not made a substantial showing that he was deprived of a constitutional right. Further, because he has not demonstrated a basis to excuse his untimely filing, reasonable jurists would find no basis to encourage further proceedings. There are no close questions and there is no reason to encourage further proceedings. A certificate of appealability should be denied.

Based on the foregoing, the Court enters the following:

## RECOMMENDATIONS

1. Mr. von Koenigsberg-Tryvaldssen's petition should be DISMISSED WITH PREJUDICE as time-barred.

2. The Clerk of Court should be directed to enter, by separate document, a judgment of dismissal.

3. A Certificate of Appealability should be DENIED.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. von Koenigsberg-Tryvaldssen may object to this Findings and Recommendation within 14 days.[3] 28 U.S.C. § 636(b)(1). Failure to timely file

---

[3] As this deadline allows a party to act within 14 days after the Findings and

7

written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

<u>Mr. von Koenigsberg-Tryvaldssen must immediately notify the Court of any change in his mailing address by filing a "Notice of Change of Address."</u> Failure to do so may result in dismissal of his case without notice to him.

DATED this 16th day of November 2016.

<u>/s/ John Johnston</u>
John Johnston
United States Magistrate Judge

---

Recommendation is "served," Fed. R. Civ. P. 6(d) applies, and three days are added after the time would otherwise expire.